IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRAVO PICENO,           )<br>                                         )<br>            **Petitioner**,           )<br>                                         )<br>     v.                                 )<br>                                         )<br>UNITED STATES OF AMERICA,  )<br>                                         )<br>            **Respondent.**         )<br>_____) | CV F 04-5010 AWI<br>(CR F 03-5247-01 AWI)<br><br>ORDER DENYING<br>PETITONER'S MOTION TO<br>CORRECT, VACATE OR SET<br>ASIDE SENTENCE<br>PURSUANT TO 28 U.S.C.,<br>SECTION 2255<br><br>(28 U.S.C. § 2255) |

**INTRODUCTION**

In this case, petitioner Daniel Bravo Piceno ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 30 months that was imposed by this court on September 22, 2003, following petitioner's entry of a plea of guilty to one misdemeanor and one felony count of unlawful entry into the United States.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was convicted by a plea of guilty on September 22, 2003, to one misdemeanor count of illegal entry and one felony count of illegal entry in violation of 8 U.S.C., section 1325(a)(1). Pursuant to the terms of the negotiated plea agreement, Petitioner agreed to the

---

[1]   References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

statutory maximum term of six months custody as to count (1) and twentyfour months as to count (2); the terms to be imposed consecutively. Petitioner also agreed to waive rights to appeal and to collaterally challenge his sentence. Petitioner admitted that he is not a citizen of the United States, and that he entered the United States in 1997, and again in 1999, both times without permission of a designated United States immigration officer.

A Presentence Investigation Report ("PSR") was prepared by the Probation Department. The PSR calculated an adjusted offense level of 16, which was reduced three points for acceptance of responsibility. The PSR calculated a criminal history category of IV. Based on these calculations, the guideline range for imprisonment is 33 to 41 months. Because the guideline range exceeds the statutory maximum, the statutory maximum of 30 months was recommended by the PSR and imposed by the court. Judgment was entered on September 26, 2007. The instant motion to correct, set aside, or vacate the judgment pursuant to 28 U.S.C., section 2255 was timely filed on January 5, 2004.

## LEGAL STANDARD

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual

allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner waived his rights to appeal or to collaterally attack his sentence as a part of his negotiated plea agreement. "A prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). However, a waiver cannot bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9 Cir. 1993). In this case, Petitioner's motion to correct, vacate, or set aside the sentence pursuant to 28 U.S.C., section 2255 alleges ineffective assistance of counsel. Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The court will therefore consider Petitioner's claim of ineffective assistance of counsel.

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

The factual basis of Petitioner's claim for relief is that he was improperly sentenced, and his attorney was ineffective for failing to object to the improper sentence. Petitioner's implied

1  contention is that he should have been sentenced pursuant to 8 U.S.C., section 1325(b), which
2  provides monetary penalties of at least $50, but not more than $250 for the first unlawful entry,
3  and twice those amounts for an alien who was previously subject to civil penalties for unlawful
4  entry.  Petitioner's claim fails because he pled guilty to, and was sentenced according to the
5  provisions of 8U.S.C., section 1325(a).  Section 1325(a) provides for a maximum term of
6  imprisonment of 6 months for misdemeanor violation of the statute and 24 months for felony
7  violation.

8       Petitioner's attorney was not ineffective for failing to object to the sentence because there
9  was no basis for objection.  "A lawyer's zeal on behalf of his client does not require him to file a
10 motion which he knows to be meritless on the facts and the law."  Lowery v. Lewis, 21 F.3d
11 344346 (9th Cir. 1994).  There was no basis for objection to Petitioner's sentence because it is
12 supported by statute and because Petitioner agreed to the sentence in his plea agreement.

13      To the extent Petitioner is attempting to base his claim on the fact that his
14 communications with his attorney were incomplete and Petitioner did not fully understand the
15 consequences of his plea of guilty, that claim fails because Petitioner cannot show prejudice.
16 There is no legal or factual basis apparent to this court that would support a claim that, but for his
17 attorney's unprofessional error(s), Petitioner would have received a more favorable sentence.

19      THEREFORE, for the reasons set forth above, Petitioner's motion to correct, amend or
20 vacate his sentence pursuant to 28 U.S.C., section 2255 is hereby DENIED.  The clerk of the
21 court shall CLOSE the case.

23 IT IS SO ORDERED.
24 **Dated:   June 27, 2007**              /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE

4